# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
**No. 21-2133V**
**Filed: May 7, 2026**

|  |  |
|---|---|
| SHERRI PULSIPHER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for petitioner.*
*Rachelle Bishop, U.S. Department of Justice, Washington, DC, for respondent.*

## <u>DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

On November 4, 2021, petitioner, Sherri Pulsipher, filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012),[2] alleging that she suffered a shoulder injury related to vaccine administration or "SIRVA" as a result of her receipt of an influenza ("flu") vaccination on October 24, 2020. (ECF No. 1.) After the undersigned issued a decision denying compensation (ECF No. 37), petitioner filed a motion for review with the Court of Federal Claims (ECF No. 39), which was subsequently denied (ECF No. 45). A judgment was entered dismissing the case on September 4, 2025. (ECF No. 46.) Pertinent to the arguments below, one of two objections petitioner advanced on her motion for review (that the fourth criterion for SIRVA under the Vaccine Injury Table Qualifications and Aids to Interpretation ("QAI") was contrary to statutory authority) was

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

1

deemed waived pursuant to Vaccine Rule 8(f) because it had not been raised before the special master.  (ECF No. 45, pp. 19-24.)

Petitioner now moves for an award of attorneys' fees and costs in the total amount of $88,763.22, which includes $57,854.00 for counsel of record's attorneys' fees, $10,265.92 for counsel of record's costs, and $20,643.30 for co-counsel's attorneys' fees incurred in connection with the motion for review.  (ECF No. 47, p. 3.) Petitioner did not incur any personal costs.  (ECF No. 47-5.)

For the reasons discussed below, I award attorneys' fees and costs in the reduced amount of $77,516.52.

## I.    Party Contentions

In the motion, petitioner asserts that there was a reasonable basis for prosecution of this petition through the time of judgment and that this was done in good faith, noting especially that she secured an expert opinion to support the claim.  (ECF No. 47, pp. 2-3.)  Petitioner further contends that the amount sought for fees and costs is reasonable, explaining that the hourly rates for both counsel and petitioner's expert are consistent with what has been previously awarded.  (*Id.* at 3-4.)

In his response, respondent agrees only that the case maintained a reasonable basis up to the point of petitioner's motion for review.  (ECF No. 48, p. 3.)  Respondent defers to the court as to whether there was a reasonable basis to pursue the motion for review.  (*Id*.)  Regardless, however, respondent does challenge the reasonableness of the fees and costs sought for several reasons.

First, respondent argues that "the sum requested by petitioner's counsel is disproportionate to the case's outcome."  (ECF No. 48, p. 3.)  Specifically, respondent contends that one of only two issues raised in the motion for review was deemed to have been waived and he further suggests the arguments raised as to the second objection "mischaracterized the law and the parties' burdens under the Vaccine Act and how this Court applied the law."  (*Id*. at 3-4.)  Therefore, "petitioner's request to reimburse more than 50 hours of work on an appeal so plainly unmeritorious must be met with scrutiny."  (*Id*. at 4-5.)

Second, respondent argues that "Mr. Zgheib's sum of $57,854.00 is excessive for a SIRVA case resolved on the papers and where $5,002.40 of that sum was spent on an appeal handled by other counsel."  (ECF No. 48, p. 5.)  Moreover, "the bulk of time charged was for administrative tasks rather than substantive pleadings."  (*Id*.)

Third, respondent argues that petitioner's expert (Dr. Srikumaran) charged an excessive hourly rate of $1,000.00.[3]  (ECF No. 48, p. 5.)  He urges that the rate he pays

---

[3] On this point, respondent's counsel cited *McCulloch v. Secretary of Health & Human Services*, No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sep. 1, 2015), which is a decision that set forth a multi-point analysis for determining a reasonable hourly rate for counsel practicing in this Program.  He

his own experts ($375 per hour) should be considered when setting an expert's hourly rate.  (*Id*.)

In reply, petitioner contends that the arguments made in the motion for review were reasonable.  (ECF No. 49, pp. 1-2.)  Although petitioner acknowledges the first objection was deemed waived, she argues that the underlying argument had merit and that she further had a meritorious argument as to why it should not have been considered waived.  (*Id*. (citing *Spahn v. Sec'y of Health & Human Servs*., 138 Fed. Cl. 252 (2018)).)  Moreover, the fact that the court ordered briefing on the waiver issue evidences that the issue warranted judicial attention.  (*Id*. at 2.)  In any event, petitioner argues that "[t]here is no basis in the Vaccine Act or case law to refuse payment of fees and costs for advancing the arguments raised in the Motion for Review."  (*Id*.)  Petitioner argues that respondent has not made any showing that counsel's conduct was inconsistent with the appropriate conduct set forth in RCFC 11, essentially equating a reduction in fees to a sanction for frivolous litigation.  (*Id*.)

Additionally, petitioner reiterates the position that the amount of fees and costs requested is reasonable, including the rate requested for Dr. Srikumaran's work.  (ECF No. 49, pp. 2-3.)  She further stresses that there is no proportionality requirement in the Vaccine Program.  (*Id*. at 4.)

## II.     Analysis

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

### a.  Reasonable Basis

Although petitioner did not prevail, I am satisfied that this case was initially brought in good faith and that the petition had a reasonable basis.  Moreover, respondent agrees.  (ECF No. 48, p. 3.)  However, despite this case initially having had a reasonable basis, respondent withholds his agreement that the case maintained a reasonable basis through the motion for review.  (*Id*.)

---

argues that it should be applied "for an attorney or expert practitioner."  (ECF No. 48, p. 5.)  However, prior Program caselaw sets out a distinct, albeit somewhat similar, test for assessing the hourly rates of experts.  *E.g.*, *Aycock v. Sec'y of Health & Human Servs*., No. 19-235V, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023) (applying the test articulated by *McClain v. Owens-Corning Fiberglass Corp*., No. 89 C 6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996), to set an hourly rate for Dr. Srikumaran).  *But see Durham v. Sec'y of Health & Human Servs*., No. 17-1899V, 2024 WL 4369198 (Fed. Cl. Spec. Mstr. Sep. 6, 2024) (the undersigned agreeing with the test applied by the *Aycock* special master but applying a lower hourly rate for Dr. Srikumaran based on the circumstances of the case).

Of course, it is well established in this Program that a case can lose its reasonable basis as it proceeds. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). Thus, a special master does not necessarily abuse his discretion in finding that an appeal can lack a reasonable basis "in light of this court's highly deferential standard of review." *R.K. v. Sec'y of Health & Human Servs.*, 760 F. App'x 1010, 1013 (Fed. Cir. 2019); *see also Phillips v. Sec'y of Health & Human Servs.*, 988 F.2d 111, 112 (Fed. Cir. 1993) (Plager, J., concurring) (noting that "the appropriateness of an award of fees related to the initial proceedings before the special master is an issue quite separate from the appropriateness of fees attributable to an appeal to this court"). However, "[a]n appeal having a small chance for success is not for that reason alone frivolous." *Morse v. Sec'y of Health & Human Servs.*, 93 Fed. Cl. 780, 789 (2010) (quoting *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1578 (Fed. Cir. 1991)). And, although appeals of fact findings face a deferential standard of review, such appeals are not *per se* unreasonable even if it is possible for a special master to act within his discretion in denying fees and costs for such an appeal. *R.K.*, 760 F. App'x at 1013.

Here, I am inclined to agree with respondent's suggestion that it would be exceedingly difficult for any petitioner to demonstrate that she had a reasonable basis to pursue a motion for review predicated on an argument that had been obviously waived as a result of the proceedings before the special master. Petitioner argues that the underlying (waived) argument had merit, but this is irrelevant. (ECF No. 49, p. 1-2.) As respondent notes, "[a]ny practicing attorney should be able to discern whether hornbook waiver law and Vaccine Rule 8 apply." (ECF No. 48, p. 5.) However, the argument that was deemed waived was not the only argument advanced by petitioner in the motion for review and respondent has conspicuously stopped short of actually arguing that the motion for review lacked a reasonable basis. Accordingly, I do not conclude that the motion for review as a whole lacked a reasonable basis.

### b.  Reasonableness of Time Spent on the Motion for Review

Even having concluded that there was a reasonable basis for pursuit of a motion for review generally, respondent further argues that the hours expended by counsel were not reasonable in light of the arguments that were advanced. (ECF No. 48, pp. 3-5.) On this point, I agree with respondent, but only vis-à-vis the argument that had been waived and the additional hours spent seeking to side-step the waiver. Petitioner offers several arguments in response; however, none are persuasive. (ECF No. 49, pp. 1-2.)

First, as noted above, petitioner argues that, despite being waived, the argument being advanced had merit. (ECF No. 49, pp. 1-3.) Again, however, even assuming *arguendo* that this is true, it does not matter. The issue here is that, regardless of the merit of petitioner's view of the SIRVA QAI criteria, petitioner's counsel should have anticipated that the court would not actually reach the issue at all given that it had not been raised before the special master. In that regard it is worth noting that the Court of Federal Claims remarked that Vaccine Rule 8(f) is "clear" on this point. (ECF No. 45, p. 19.)

4

Second, petitioner argues that despite not ultimately being availing, her argument that she had not waived the issue was itself meritorious.  (ECF No. 49, p. 2.)  In particular, petitioner notes her reliance on *Spahn v. Secretary of Health & Human Services*, 138 Fed. Cl. 252 (2018).  (*Id*.)  Yet, the Court of Federal Claims dismissed petitioner's reliance on *Spahn* as "misplaced."  (ECF No. 49, p. 21.)  While *Spahn* would potentially suggest that a petitioner could advance on review "an extension of" an argument made before the special master, the Court explained that petitioner's argument in this case could not reasonably be viewed as an extension of the argument she made before the special master.  Instead, the Court observed petitioner's argument on review to be incompatible with the argument she made before the special master.  That is, whereas on review petitioner argued that the fourth QAI criterion for SIRVA was itself contrary to statutory authority, before the special master she had argued that she should prevail under that criterion and urged an understanding of its requirement consistent with what was later articulated by the special master.  (*Id*. at 21-22.)

Third, petitioner argues that the Court's request for briefing on the waiver issue evidences that it warranted judicial attention.  (ECF No. 49, p. 2.)  However, the fact that the Court allowed petitioner an opportunity to be heard cannot be construed as an endorsement of petitioner's position.  *Accord Hashi v. Sec'y of Health & Human Servs.*, No. 08-307V, 2016 WL 5092917, at *12 (Fed. Cl. Spec. Mstr. Aug. 25, 2016) (explaining that "the fact that Special Master Vowell agreed to conduct a hearing, requested by Petitioners, concerning Petitioners' 'significant aggravation' claim, does *not* mean that there was a reasonable basis for Petitioners to request and pursue that hearing.  When a petitioner's counsel requests a hearing concerning an issue, representing to the special master that there is a reasonable basis for the petitioner's position concerning the issue, the special master usually cannot know *ahead of the time of the hearing* whether there is, in fact, a reasonable basis for the claim to be presented at the hearing.").  Nothing in the Court's order directing petitioner to address the waiver issue reveals the Court's thinking on the matter.  Moreover, as noted above, the Court ultimately found the primary argument made in response to that order to be "misplaced."  Therefore, the fact that the Court ordered briefing on the waiver issue cannot be viewed as any endorsement of petitioner's ability to present the waived issue or the reasonableness of the work performed in response to the order.  Afterall, petitioner's counsel did always have the option of conceding the fact of the waiver.  Nothing requires the undersigned to indulge a sunk cost fallacy when determining what hours were reasonably expended.

Finally, seemingly equating a non-reimbursement of any portion of the requested attorneys' fees with the sanctions available under RCFC 11, petitioner argues "[t]here is no basis in the Vaccine Act or case law to refuse payment of fees and costs for advancing the arguments raised in the Motion for Review."  (ECF No. 49, p. 2.)  This is not true.  A special master's assessment of what constitutes a reasonable award of attorneys' fees in a given case is an adjudication under the statute, not a sanction.  The Vaccine Act explicitly limits awards of attorneys' fees and costs to those that are "reasonable," § 300aa-15(e)(1)(A)-(B), and the Vaccine Rules underscore that

attorneys' fees related to motions for review are evaluated by the special master in the first instance, *see* Vaccine Rules 34(a) and 13(b).  Moreover, it is well established that petitioner bears the burden of proving the attorneys' fees incurred were reasonable and that special masters have wide discretion in determining what constitutes a reasonable amount of any award of attorneys' fees.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008); *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  Further still, it is well established that counsel must use reasoned judgment when pursuing a claim.  *Perreira*, 33 F.3d at 1377 (explaining that "counsel's duty to zealously represent their client does not relieve them of their duty to the court to avoid frivolous litigation"); *Murphy v. Sec'y of Health & Human Servs.*, 30 Fed. Cl. 60, 62 (1993) (explaining that "an attorney should use reasoned judgment in determining whether to accept and pursue a claim").  Thus, it is well understood that applications for attorneys' fees should not include hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Petitioner has not cited any principle of either law or logic that would insulate time spent crafting legal arguments made on a motion for review from the considerations that otherwise go into assessing what constitutes a "reasonable" award for attorneys' fees and costs.  *Accord Matthews v. Sec'y of Health & Human Servs.*, No. 19-414V, 2022 WL 12184251 (Fed. Cl. Spec. Mstr. Sep. 23, 2022) (rejecting respondent's argument that a motion for review lacked a reasonable basis, but reducing fees relative to time spent on "indefensible" arguments made within a motion for review).  Indeed, there is a clear history of special masters assessing the number of hours reasonably spent on legal briefing, including hours spent on motions for review.  *E.g.*, *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2019 WL 5709372, at *5 (Fed. Cl. Spec. Mstr. Oct. 11, 2019) (reducing excessive hours devoted to a motion for review and collecting cases assessing hours spent on motions for review).

### c.  Reasonable Amount for Attorneys' Fees

In determining the appropriate amount to be awarded, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id*. at 1348.

As noted above, it is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton*, 3 F.3d at 1521. Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  However, "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  Vaccine Rule 13(a)(3).

6

In reviewing fee applications, special masters need not engage in a line-by-line analysis. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Based on my review of the billing records in this case, I am satisfied that the hourly rates requested by petitioner's counsel are reasonable and consistent with what has previously been awarded. Turning to the hours expended, respondent raises four issues: (1) the total time spent was disproportionate to the outcome; (2) the hours spent on the motion for review must be reduced; (3) Mr. Zgheib billed $5,002.40 for work during the motion for review phase despite bringing in co-counsel; and (4) Mr. Zgheib billed too much time overall, especially given that he billed for administrative tasks. (ECF No. 48, pp. 3-5.)

Regarding respondent's first argument, the lodestar analysis does permit a second order adjustment, either upward or downward, based on specific findings. *Avera*, 515 F.3d at 1347-48. Petitioner stresses that the idea of a proportionality requirement relative to outcome is at least in tension with the Vaccine Act's allowance of attorneys' fees win or lose. (ECF No. 49, p. 4.) However, a special master need not use a proportionality test to reduce fees under a lodestar analysis due to poor performance. *See, e.g.*, *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2010 WL 1783542, at *5 (Fed. Cl. Spec. Mstr. Apr. 14, 2010) (adjusting reasonable attorneys' fees downward by 10% due to poor quality of advocacy). But, despite the frailty of the motion for review, this is not such a case. Setting aside the time spent on the motion for review, which I address separately, I do not find that this case had an unusually prolonged procedural history. Nor do I find that the total amount billed by Mr. Zgheib is conspicuously disproportionate to that procedural history. Thus, I do not agree that any reduction is warranted on that basis.

Regarding respondent's second argument, I agree for the reasons explained in the preceding section that a reduction should be made to the hours devoted to petitioner's motion for review in light of petitioner's presentation and further pursuit of a clearly waived argument. Looking first at the billing records from Mr. Kalinowski and the Bosson Legal Group, who were brought in specifically for the motion for review, attorney Hans Liu billed 7.6 hours at $205 per hour researching and drafting a memorandum on the question of whether SIRVA criterion four was contrary to the statute and Mr. Kalinowski billed an additional 1.4 hours at $504 per hour reviewing his work on that issue. (ECF No. 47-4, pp. 2-3.) Thereafter, Mr. Kalinowski billed 7.6 hours at $504 per hour responding to the Court's order for additional briefing on the waiver issue. (*Id.* at 3.) Because these hours were not reasonably expended, they will not be reimbursed. This results in a reduction to the Bosson Legal Group bill of $6,094.00. Additionally, Jacqueline Avignone from Zgheib Sayad, P.C., billed 9.1 hours at $200 per hour for

research conducted between August 7 and August 11 of 2025.  (ECF No. 47-1, p. 24.)  Although the reason for this research is not noted, only petitioner's reply on the waiver issue was at issue by that time.  Accordingly, the Zgheib Sayad, P.C., bill is also reduced by $1,820.00.

Regarding respondent's third argument, my review indicates that Mr. Zgheib spent 3.3 hours at a rate of $450 per hour coordinating with Mr. Kalinowski in pursuit of the co-counsel arrangement and the motion for review.  (ECF No. 47-1, pp. 22-23.)  As a general matter, special masters have disfavored having multiple attorneys working on the same case and have reduced fees accordingly.  *See, e.g.*, *Austin v. Sec'y of Health & Human Servs.*, No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013); *Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.*, No. 07-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).  In this particular case, because counsel should have known the statutory challenge to the SIRVA Table requirements had been waived, the only remaining issue(s) to be addressed by the motion for review were the more record-intensive issues that flowed directly from the same types of argument as reflected in counsel's own prior briefing in the case.  Accordingly, given that the issues were not overly complex, and given counsel's familiarity with the case, time spent coordinating with a newly introduced co-counsel was not reasonable.  Accordingly, the Zgheib Sayad, P.C., bill is reduced by $1,485.00.  Nor is the billing by the Bosson Legal Group insulated from this issue of redundancy.  Mr. Kalinowski billed 2.3 hours at $504 per hour coordinating with lead counsel.  (ECF No. 47-4.)  Accordingly, the Bosson Legal Group bill is reduced by a further $1,159.20.  I will otherwise give both counsel the benefit of the doubt that the remaining hours dedicated to the substantive drafting of the motion for review were not duplicative.

Finally, although respondent acknowledges that Mr. Zgheib adjusted his hourly rate to account for tasks that may be deemed paralegal in nature, he contends that "the bulk of time charged was for administrative tasks."  (ECF No. 48, p. 5.)  Based on my review of the billing records, it appears that Mr. Zgheib, as well as his paralegals, billed for filing documents via the CM/ECF system throughout the pendency of this case.  This activity is "purely clerical or secretarial" in nature and "should not be billed at a paralegal rate, regardless of who performs" the task.  *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) (quoting *Missouri v. Jenkins*, 491 U.S. 274 (1989)).  Specifically, it appears that Mr. Zgheib billed 2.2 hours at his paralegal rate, totaling $401.50, and his paralegals billed a further 1.8 hours at various rates, totaling $287, for filing tasks.  These charges are not compensable, resulting in a reduction of the Zgheib Sayad, P.C., bill by $688.50.  Respondent has not specifically identified any objectionable "administrative" tasks (*see* Vaccine Rule 13(a)(3)), and, based on my own review of the billing records, it is not readily apparent to me where else Mr. Zgheib may have billed for non-compensable administrative tasks.

Apart from these issues, I find that the hours billed are otherwise reasonable. Therefore, in light of all of the above, attorneys' fees payable to the firm of Zgheib Sayad, P.C., are reduced from the requested amount of $57,854.00 to $53,860.50. Additionally, attorneys' fees payable to the Bosson Legal Group are reduced from $20,643.30 to $13,390.10.

### d.  Reasonable Amount for Attorneys' Costs

Attorneys' costs must also be reasonable and sufficiently documented.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.  Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Respondent objects to reimbursement for the work of petitioner's expert, Dr. Srikumaran, at a rate of $1,000.00 per hour.  (ECF No. 48, p. 5.)  Dr. Srikumaran's $1,000.00 per hour rate was first adjudicated and accepted by a special master in *Aycock v. Secretary of Health & Human Services*, No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023).  However, this rate has not been unreservedly embraced.  Several decisions have expressed that Dr. Srikumaran's requested rate, which is unusually high compared to prior Program experience, should not be accepted prospectively for all cases.  *E.g.*, *Rance v. Sec'y of Health & Human Servs.*, No. 18-222V, 2024 WL 5154816, at *5 (Fed. Cl. Spec. Mstr. Nov. 22, 2024) (collecting cases).  In the undersigned's view, the *Aycock* analysis is persuasive in establishing that market rates for orthopedic experts do exceed the rates that are typically accepted in this Program for other specialties and that Dr. Srikumaran's requested rate does fall within the market spectrum, albeit at the very high end for top-tier experts.  *Durham v. Sec'y of Health & Human Servs.*, No. 17-1899V, 2024 WL 4369198, at *2 (Fed. Cl. Spec. Mstr. Sep. 6, 2024).  Importantly, however, the overall market is only one factor in setting an expert's rate and there are other factors that speak to case specific performance.  *Id.* at *3.  Thus, where Dr. Srikumaran's billing is efficient and his medical expertise of high value in resolving the case, he may be reimbursed at his requested hourly rate if the overall total remains reasonable.  *E.g.*, *Cody v. Sec'y of Health & Human Servs.*, No. 18-181V, 2024 WL 4043703, at *3 (Fed. Cl. Spec. Mstr. June 27, 2024); *Duval v. Sec'y of Health & Human Servs.*, No. 22-160V, 2026 WL 1083723, at *10 (Fed. Cl. Spec. Mstr. Mar. 6, 2026); *see also Crawford v. Sec'y of Health & Human Servs.*, No. 19-0544V, 2024 WL 5321766, at *3 (Fed. Cl. Spec. Mstr. Dec. 9, 2024) (another special master reducing Dr. Srikumaran's hourly rate due to inefficiency).  However, where Dr. Srikumaran has been less efficient and/or less helpful, I have reduced his hourly rate. *Durham*, 2024 WL 436198, at *3.  Nonetheless, "it will not be reflexively reduced in every case that results in dismissal."  *Gruskza v. Sec'y of Health & Human Servs.*, No. 18-1736V, 2024 WL 4763996, at *2 (Fed. Cl. Spec. Mstr. Oct. 15, 2024).

In this case, the total amount billed by Dr. Srikumaran ($9,400.00) is reasonable and, although I ultimately found respondent's expert more persuasive, Dr. Srikumaran's work was cogent and assisted in reaching an informed outcome in this case.

Accordingly, I find it appropriate to fully reimburse petitioner for Dr. Srikumaran's work. Respondent has not raised any other objection with particularity (*see* Vaccine Rule 13(a)(3)), and I find that the amount requested for costs is otherwise reasonable.

## III.    Conclusion

In light of the above, petitioner's motion (ECF No. 47) is **GRANTED**, with reductions, and petitioner is awarded a total of **$77,516.52** as follows:

- A lump sum of **$13,390.10**, representing reimbursement of attorneys' fees of the Bosson Legal Group, to be paid through an ACH deposit to Isiah Kalinowski's IOLTA account for prompt disbursement; and

- A lump sum of **$64,126.42**, representing reimbursement of attorneys' fees and cost of the firm of Zgheib Sayad, P.C., to be paid through an ACH deposit to Jimmy Zgheib's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).